## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY LEE RUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-352-TWP-MJD |
| | ) |
| NOLAN D. PYKE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Entry Dismissing Complaint
and Directing Further Proceedings**

Plaintiff Ricky Lee Rust brings this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights with respect to a "cleanup order" issued on his home in Tipton County.[1]

Rust's complaint is subject to the screening requirement of 28 U.S.C. § 1915(e). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim

---

[1] To the extent that the plaintiff requests that his wife Susan Riggs-Rust be joined as a plaintiff to this action, the request is **denied** because Ms. Riggs-Rust has not signed the complaint and the plaintiff may not act as her attorney. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Mr. Rust are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on the Court's screening of the complaint, the complaint must be **dismissed**.

**I.**

The plaintiff=s § 1983 claims for damages against the defendants, Tipton County officials, in their official capacities are **dismissed** as legally insufficient, because there is no allegation of a municipal custom or policy on the part of Tipton County. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978)(holding that claims against a municipal defendant are cognizable under 42 U.S.C. ' 1983 only when its official policies or customs cause its employees to violate another's constitutional rights).

The plaintiff's claims against Laura M. Clouser, Jay D. Rich, and Thomas R. Lett are each **dismissed**. First, the only allegations against defendants Rich and Lett are that their "negligence led to emotional suffering and the destruction of their personal property." These vague allegations are insufficient to "raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Further, defendant Lett is alleged to be a Circuit Court judge and defendant Rich, a prosecuting attorney. Any claims understood to be brought against them based on their actions taken in court proceedings must therefore be **dismissed** based on these defendants' immunity. *See Stump v. Sparkman*, 435

U.S. 349, 359 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity). The same reasoning applies to claims against defendant Laura Clouser. The only allegation against this defendant, found in Susan Riggs-Rust's affidavit attached to the complaint, is that Clouser is the "prosecutor who had authorized the 'cleanup' order." Accordingly, claims against defendant Clouser must be **dismissed**.

## II.

The plaintiff's allegations against Health Officer Nolan Pyke that he executed a cleanup order that resulted in property being illegally removed from the plaintiff's home is understood to be a claim that this defendant deprived the plaintiff of property without due process of law. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). Nevertheless, if a state provides a method by which a person can seek reimbursement for the deprivation of his property, this meets the requirements of the due process clause because it provides due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).

Here, the plaintiff does not detail the post-deprivation process, but he faces an even greater barrier to pursuing a § 1983 claim in this case. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 894 (7th Cir. 2001). "For . . . § 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir.2004). The latest allegation of any action on Mr. Pyke's part took place in 2006, more than seven years ago. Ms. Rigg-Rust's affidavit alleges that at that time, she and the plaintiff discovered that their property was missing and that Mr. Pyke "had executed a cleanup order."

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Because the plaintiff has pled facts that show that his claims against Nolan Pyke are time-barred, those claims are **dismissed**.

### III.

The plaintiff shall have **through May 20, 2014,** in which to **show cause** why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 05/01/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Ricky L. Rust
910027
Westville Correctional Center
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391